# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JAMES PRESTON KILKENNY**

      **Plaintiff,**

  v.                                                  **Case No. 2:19-cv-3661**
                                                          **Judge George C. Smith**
                                                          **Magistrate Judge Chelsey M. Vascura**

**RYAN GABRIEL,** *et al.***,**

      **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, James Preston Kilkenny, an inmate who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983, alleging that the force employed during his arrest violated his constitutional rights. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that Plaintiff be permitted to proceed on his excessive force claim against Officer Dorr in his individual capacity. It is further **RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 1.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1).

Plaintiff's certified trust fund statement reveals that he currently has $4.65 in his prison account. Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts at Northern Correctional Facility (Inmate ID 3524841) is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

**I.**

According to Plaintiff's Complaint, on December 26, 2017, the manager and employees in the loss prevention unit at the Walmart located in Logan, Ohio, contacted the Logan City Police Department complaining that Plaintiff had engaged in theft. Defendant Officer Ethan Dorr of the Logan City Police Department responded to the complaints. Plaintiff alleges that as Officer Dorr approached, he asked Plaintiff to place his hands behind his back. Officer Dorr then said, "'Quit resisting arrest,' while he slammed Plaintiff's face on the hard (concrete like) floor . . . ." (Pl.'s Compl., ECF No. 1-5 at PAGEID # 30.) Plaintiff alleges that he told Officer Dorr, "I'm not resisting arrest" and that he does not fight with police. (*Id*. at PAGEID # 31.) Plaintiff further alleges that Officer Dorr's use of force caused him to lose two teeth, which in turn caused infections and pain.

In addition to naming Officer Dorr as a Defendant, Plaintiff has named Ryan Gabriel, the Captain of the Logan City Police Department; the Logan City Police Department; the Walmart store located in Logan City, Ohio; and three John Doe Defendants, including the manager of and two employees in the loss prevention unit at the Walmart store located in Logan City, Ohio. Plaintiff states that he advances his claims against each of these Defendants in both their individual and official capacities. According to Plaintiff, Defendant Gabriel and the Logan City Police Department are liable for failing to properly train, supervise, and control Officer Dorr, and the Walmart store and its employees are liable because they improperly implicated Plaintiff in a theft that ultimately lead to the use of excessive force. Plaintiff seeks an award of monetary

3

damages.

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>     \*    \*    \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual

4

demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**III.**

It is **RECOMMENDED** that Plaintiff be permitted to proceed on his excessive force claim against Officer Dorr in his individual capacity. For the reasons that follow, it is further

5

**RECOMMENDED** that Plaintiff's remaining claims—discussed in turn below—be **DISMISSED**.

### A. Plaintiff's § 1983 Claims Against Walmart and Walmart Employees

Plaintiff has failed to sufficiently plead a claim under 42 U.S.C. § 1983 against Walmart or its employees. In order to plead a cause of action under § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). Plaintiff's § 1983 claims against Walmart and the Walmart employees fail because beyond his conclusory assertions, Plaintiff has failed to plausibly plead any allegations upon which this Court could rely to conclude that these Defendants acted under the color of state law. The undersigned therefore **RECOMMENDS** that Plaintiff's claims against Walmart and the John Doe Walmart employees be **DISMISSED** pursuant to § 1915(e)(2).

### B. Plaintiff's Official-Capacity Claims

Plaintiff also fails to sufficiently allege a claim under 42 U.S.C. § 1983 against Captain Gabriel and Officer Dorr in their official capacities or the Logan City Police Department.

"While '[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law,' individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (quoting *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)). Thus, "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when

execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating one of the following: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005)).

In his Complaint, Plaintiff asserts in a conclusory fashion that Captain Gabriel and the Logan Police Department failed to "properly train, supervise and control" officers under their authority and that their deficient training of Officer Dorr resulted in the use of excessive force upon Plaintiff. However, "[t]he inadequacy of police training only serves as a basis for § 1983 liability 'where the failure to train amounts to *deliberate indifference* to the rights of persons with whom the police come into contact.'" *Miller v. Sanilac Cty.*, 606 F.3d 240, 255 (6th Cir. 2010) (quoting *Slusher v. Carson,* 540 F.3d 449, 457 (6th Cir. 2008) (additional citations and quotation marks omitted)). In order to establish deliberate indifference, a plaintiff "'must show prior instances of unconstitutional conduct demonstrating that the [official and/or government entity] has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury.'" *Miller*, 606 F.3d at 255 (quoting *Fisher v. Harden,* 398 F.3d 837, 849 (6th Cir. 2005)). Here, Plaintiff has not plausibly plead any facts demonstrating the existence of a policy or custom of inadequate training or supervision, that Captain Gabriel and/or the Logan City Police Department ignored a history of abuse, or that they were clearly on notice that their training was deficient and likely to lead to the use of excessive

7

force. Accordingly, Plaintiff fails to state a *Monell* claim against Captain Gabriel or Officer Dorr in their official capacities or the Logan City Police Department. The undersigned therefore **RECOMMENDS** that Plaintiff's official-capacity claims against Captain Gabriel and Officer Dorr and his claims against the City of Logan Police Department be **DISMISSED** pursuant to § 1915(e)(2).

C.  **Plaintiff's Individual-Capacity Claims Against Captain Gabriel**

Plaintiff's § 1983 claim against Captain Gabriel in his individual capacity also fails. As set forth above, to plead a cause of action under § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt*, 542 F.3d at 534. To sufficiently plead the second element, a plaintiff must allege "personal involvement." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). This is because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*." *Id.* (citation omitted). Thus, to hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). Plaintiff's Complaint fails to provide sufficient factual content or context from which the Court could reasonably infer that Defendant Gabriel was personally involved in any violation of Plaintiff's rights or that he in any way authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct. Accordingly, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's individual-capacity claim against Captain Gabriel pursuant to § 1915(e)(2).

8

## IV.

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. For the reasons set forth above, it is **RECOMMENDED** that Plaintiff be permitted to proceed on his individual-capacity claim against Defendant Dorr and that his remaining claims be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE