UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES PRESTON KILKENNY,

      Plaintiff,

                                  **Civil Action 2:19-cv-3661**
                                  **Judge Michael H. Watson**
      v.                       **Magistrate Judge Chelsey M. Vascura**

RYAN GABRIEL, *et al.*,

      Defendant.

## REPORT AND RECOMMENDATION

This matter is before the undersigned for a Report and Recommendation following Plaintiff's failure to respond to the Court's May 28, 2020 Show Cause Order (ECF No. 23). For the reasons that follow, it is **RECOMMENDED** that Plaintiffs' action be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

### I.

Plaintiff filed this action on August 22, 2019. (ECF No. 1.) Since filing this action, Plaintiff has caused significant delay and has failed to comply with clear Court orders.

On May 12, 2020, the Court ordered Plaintiff to provide the Court with an updated mailing address within fourteen days in light of multiple mailings by the Court to Plaintiff being returned as undeliverable. (May 12, 2020 Order, ECF No. 21. *See also* ECF Nos. 4, 5, 9, 17.) On May 27, 2020, the May 12, 2020 Order, which was sent to Plaintiff by regular mail, was also returned as undeliverable. (ECF No. 22.) On May 28, 2020, the Court issued a second Order requiring Plaintiff to show cause within fourteen days why his action should not be dismissed for

failure to prosecute.   (Show Cause Order, ECF No 23.)   The Show Cause Order, also sent by regular mail, was likewise returned as undeliverable.   (ECF No. 30.)   Nevertheless, Plaintiff has thus far failed to update his address on record with the Court, or respond to the Show Cause Order.

## II.

The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.   Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."   Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962).   "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'"   *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363).   "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'"   *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

## III.

Under the circumstances presented in the instant case, the undersigned recommends dismissal of Plaintiff's action pursuant to Rule 41(b). Here, Plaintiff has caused significant delay in this case and has failed to comply with clear Court orders. Specifically, Plaintiff failed update his address on file with the Court, despite a Court Order requiring him to do so. (ECF No. 21.) Further, Plaintiff failure to respond to the Court's Show Cause Order requiring him to justify his continued failure to update his address. (ECF No. 23.) Plaintiff had an affirmative duty to notify the Court of any change of address and to remain apprised of the status of this action. *See Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [*pro se* Plaintiff's] address changed, she had an affirmative duty to supply the court with notice of any and all changes in her address."); *Walker v. Cognis Oleo Chem., LLC*, No. 1:07cv289, 2010 WL 717275, at *1 (S.D. Ohio Feb. 26, 2010) ("By failing to keep the Court apprised of his current address, Plaintiff demonstrates a lack of prosecution of his action."). Plaintiff's failure to provide an updated mailing address suggests he has abandoned his claims. Further, Plaintiff's actions have caused significant delay and resulted in prejudice to Defendant Ethan Dorr, whose attorneys have continued to defend the action. (*See, e.g.*, Deposition Transcript, ECF No. 28. *See also* Motion to Compel and Motion for Sanctions, ECF No. 29.)

Moreover, the Court explicitly cautioned Plaintiff that failure to comply with its Show Cause Order would result in dismissal of this action pursuant to Rule 41(b) for failure to prosecute. (ECF No. 23 at 2 ("Plaintiff's failure to show cause will result in dismissal of this action for failure to prosecute. No further warnings will be provided to Plaintiff regarding this matter.").) *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that

"[p]rior notice, or the lack thereof, is . . . a key consideration" in whether dismissal under rule

41(b) is appropriate).   Plaintiff's failure to timely comply with the clear orders of the Court,

which established reasonable deadlines for compliance, constitutes bad faith or contumacious

conduct.   *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001)

(concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or

contumacious conduct and justifie[d] dismissal").

Because Plaintiff has missed deadlines and disregarded Court orders, the undersigned

concludes that no alternative sanction would protect the integrity of the pretrial process.

Nevertheless, the undersigned concludes that dismissal with prejudice is too harsh a result.   It is

therefore **RECOMMENDED** that the Court **DISMISS THIS ACTION WITHOUT**

**PREJUDICE** under Rule 41(b).   Finally, it is **RECOMMENDED** that the Court order Plaintiff

to list this action as a related case if he re-files.

## IV.   PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen

(14) days of the date of this Report, file and serve on all parties written objections to those

specific proposed findings or recommendations to which objection is made, together with

supporting authority for the objection(s).   A Judge of this Court shall make a *de novo*

determination of those portions of the Report or specified proposed findings or recommendations

to which objection is made.   Upon proper objections, a Judge of this Court may accept, reject, or

modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the Magistrate Judge with instructions.   28 U.S.C. §

636(b)(1).

4

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

         /s/ *Chelsey M. Vascura*

CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE